IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA ZAVALA,<br><br>    Plaintiff<br><br>v.<br><br>CATHOLIC BISHOP OF CHICAGO<br>d/b/a ARCHDIOCESE OF CHICAGO<br><br>    Defendant | Case No.1:25-cv-4268<br><br>JURY DEMAND |

COMPLAINT

Plaintiff Rebecca Zavala ("Plaintiff"), through her undersigned counsel, brings this action against Defendant Catholic Bishop of Chicago d/b/a Archdiocese of Chicago ("Defendant") and states as follows:

NATURE OF ACTION

1. Plaintiff worked for Defendant as a Senior Financial Analyst. Defendant terminated Plaintiff's employment on August 21, 2024.

2. Plaintiff files this action alleging that Defendant engaged in discrimination against her on the basis of her sex (female), national origin (Mexican) and disability.

3. Plaintiff also files this action because Defendant retaliated against Plaintiff by terminating her employment after she engaged in protected activity.

4. Defendant's stated reason for terminating Plaintiff was merely a pretext to mask unlawful acts of discrimination and retaliation.

1

5. As alleged herein, Defendant's conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2200e, et seq. (Title VII), and the Illinois Human Rights Act, 775 ILCS 5/1 et seq. (IHRA).

6. In addition, during her employment, Plaintiff requested reasonable accommodations for disabilities that would not cause Defendant undue burden.

7. Defendant responded to Plaintiff with unreasonable requests for information, purportedly to further evaluate the reasonable accommodations she requested. During the interactive process, Plaintiff was terminated.

8. Accordingly, as alleged herein, Defendant's conduct also violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA) and the IHRA.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §1331 because the Title VII and ADA claims arise under federal law.

10. This Court has supplemental jurisdiction over the state law IHRA claims in this action under 28 U.S.C. § 1367.

11. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because Defendant resides in, and conducts business within, this district, and because the actions and omissions giving rise to the claims pled in this Complaint occurred within this district.

12. Plaintiff timely filed two Charges of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission before filing this lawsuit.

13. Plaintiff timely filed this lawsuit after exhausting administrative remedies before the Illinois Department of Human Rights and the Equal Employment Opportunity Commission on her Charges of Discrimination.

## PARTIES

14. Plaintiff is a Mexican female who resides in this judicial district.

15. On or about October 2023, Defendant hired Plaintiff to work as a Senior Financial Analyst.

16. Plaintiff is an employee as defined in Title VII, the ADA and the IHRA.

17. Defendant is an Illinois corporation with its principal place of business in Chicago, Illinois.

18. Throughout the relevant period, Defendant was Plaintiff's employer, as defined by Title VII, the ADA, and the IHRA, and was actively engaged in the activities described herein.

## SUMMARY OF THE FACTS

19. In October 2023, the Defendant hired Plaintiff to work in the position of Senior Financial Analyst.

20. A Senior Financial Analyst assesses financial information and does not involve any ministerial duties or responsibilities.

21. During her employment, Plaintiff met and exceeded Defendant's legitimate employment expectations. Plaintiff excelled in her position, and she frequently went beyond the regular duties assigned to her. For example, she was also assigned the largest number of Accounting Units on her team.

22. Plaintiff was supervised by Director James B. Hennessy (Dir Hennessy). Dir. Hennessy is male and Caucasian.

23. During her employment, Plaintiff informed the Defendant, through the Human Resources (HR) department, and specifically to Jacqueline Koustrup (HR Manager), Tim Dee (Chief Administration Officer), Katherine Garity (HR Director) and Marciel K. Smith (HR Manager), of her reasonable belief that she was being subjected to unlawful discrimination and harassment by Dir. Hennessy based on her sex (female) and national origin (Mexican).

24. In addition, she reported what she reasonably believed to be unlawful retaliation multiple times over the course of a roughly six month period.

25. On or about July 10, 2024, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights. In sum, Plaintiff alleged she reasonably believed she was subjected to harassment and materially adverse employment actions based on her race (Latina / Mexican) and in retaliation for engaging in protected activity under Title VII and the IHRA.

26. Based on the information available and upon information and belief, HR never actually investigated Plaintiff's reports about Dir. Hennessey.

27. Despite Plaintiff's efforts to report Dir. Hennessy's conduct, and in part because of her reports, Dir. Hennessy's harassment continued and escalated.

28. For example, Plaintiff was assigned busy work tasks that were not assigned to similarly situated employees.

29. Dir. Hennessey also harshly and unreasonably criticized her work performance.

30. For example, during a meeting about her annual performance review, and in the presence of HR, Dir. Hennessey made demonstrably false statements and fabrications about Plaintiff's work performance. In addition, in her written performance review, Dir. Hennessy intentionally twisted various occurrences , omitted and falsified key information and falsely gave Ms. Zavala an overall low rating on her performance evaluation.

31. Dir. Hennessey caused Defendant to deny Plaintiff a full merit increase to her salary.

32. To protect herself after she began to report Dir. Hennessey, discrimination, harassment and retaliation, Plaintiff began to email herself copies of her own work emails in fear that the evidence would be lost or destroyed.

33. In addition, in the summer of 2024, while experiencing ongoing harassment and retaliation, Plaintiff suffered an accident that resulted in a physical disability, and she was simultaneously diagnosed with a mental disability.

34. Plaintiff's disabilities substantially limited her major life activities, including sitting, walking, driving, concentration, critical thinking, and communication

35. In addition, Plaintiff sought reasonable accommodations for both disabilities. For example, Plaintiff was required to attend a rigorous physical therapy schedule.

36. In response, Defendant failed to engage in the interactive process in good faith. For example, Defendant made excessive and unwarranted demands for additional information, allegedly to assess the accommodations she had requested.

37. For these and other reasons, Defendant knew or anticipated that Plaintiff needed and would be entitled to reasonable accommodations.

38. During the interactive process, Defendant terminated Plaintiff.

39. Defendant did not have a legitimate non-discriminatory or non-retaliatory reason for terminating Plaintiff.

40. Defendant did not honestly believe there was a legitimate reason to terminate Plaintiff.

41. For example, Defendant advised Plaintiff she was being terminated because she sent herself emails.

42. Contrary to the reasons given for her termination, during her employment, Plaintiff accessed and received information electronically in the same or similar way without incident many times over the course of her career—until she started to save and collect evidence supporting and substantiating her discrimination and retaliation complaints.

43. Based on the information available and upon information and belief, similarly situated employees accessed and received information electronically in the same or similar way as Plaintiff; however, they were not terminated like Plaintiff.

44. Defendant's conduct as alleged herein was done with malice and/or with reckless indifference to Plaintiff's rights.

6

45. As a result of Defendant's conduct, Plaintiff suffered injury to her career, as well as other injuries for which she is entitled to actual and compensatory damages, as well as equitable relief.

46. For these reasons, among others, Defendant violated Title VII, the ADA and the IHRA.

## COUNT I
## (Title VII)

47. Plaintiff incorporates by reference the paragraphs above.

48. Based upon the foregoing facts, as well as others, Plaintiff was subjected to unlawful harassment and materially adverse employment actions based on her sex (female) and her national origin (Mexican) and/or in retaliation for engaging in protected activity.

49. In violation of Title VII, Defendant discriminated and/or retaliated against Plaintiff based on her sex (female).

50. In violation of Title VII, Defendant discriminated and/or retaliated against Plaintiff based on her national origin (Mexican).

51. In violation of Title VII, Defendant discriminated and/or retaliated against Plaintiff for engaging in protected activity.

52. In violation of Title VII, Defendant engaged in the discriminatory and/or retaliatory acts arising out of and related to Plaintiff's Charges of Discrimination.

WHEREFORE, Plaintiff requests the Court:

A. Declare that Defendant discriminated and/or retaliated against Plaintiff in violation of Title VII;

B. Award Plaintiff actual and compensatory damages;

C. Award Plaintiff punitive damages;

D. Award Plaintiff lost back pay, front pay and benefits;

E. Order Defendant to pay Plaintiff's reasonable attorney's fees and expenses, including expert costs; and

F. Order all other appropriate relief as the interests of justice may require.

## COUNT II
## (ADA)

53. Plaintiff incorporates by reference the paragraphs above.

54. Plaintiff was disabled.

55. Defendant was aware of Plaintiff's disability.

56. Plaintiff was a qualified individual who could perform the essential functions of her position.

57. Based upon the foregoing facts, as well as others, in violation of the ADA, Defendant discriminated and/or retaliated against Plaintiff based on her disabilities and/or because Defendant perceived that Plaintiff had a disability and/or because Defendant regarded her as being disabled.

58. In violation of the ADA, as alleged herein, Defendant discriminated and/or retaliated against Plaintiff for seeking reasonable accommodations.

59. In violation of the ADA, Defendant failed to engage in the interactive process in good faith.

60. In violation of the ADA, Defendant engaged in the discriminatory and/or retaliatory acts arising out of and related to Plaintiff's Charges of Discrimination.

WHEREFORE, Plaintiff requests the Court:

A. Declare that Defendant intentionally violated the ADA;

B. Award Plaintiff actual and compensatory damages;

C. Award Plaintiff lost back pay, front pay and benefits;

D. Order Defendant to pay Plaintiff's reasonable attorney's fees and expenses, including expert costs; and

E. Order all other appropriate relief as the interests of justice may require.

## COUNT III
## (IHRA)

60. Plaintiff incorporates by reference the paragraphs above.

61. Based upon the foregoing facts, as well as others, in violation of the IHRA, Defendant discriminated and/or retaliated against Plaintiff based on her sex (female).

62. In violation of the IHRA, as alleged herein, Defendant discriminated and/or retaliated against Plaintiff based on her national origin (Mexican).

63. In violation of the IHRA, as alleged herein, Defendant retaliated against Plaintiff for engaging in protected activity.

64. In violation of the IHRA, as alleged herein, Defendant engaged in the discriminatory and/or retaliatory acts arising out of and related to Plaintiff's Charges of Discrimination.

WHEREFORE, Plaintiff requests the Court:

A. Declare that Defendant intentionally violated the IHRA;

B. Award Plaintiff actual and compensatory damages;

C. Award Plaintiff lost back pay, front pay and benefits;

D. Order Defendant to pay Plaintiff's reasonable attorney's fees and expenses, including expert costs; and

E. Order all other appropriate relief as the interests of justice may require.

PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

/s/ Jeffrey R. Kulwin
One of Plaintiff's Attorneys

Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 N. Clark, Suite 2500
Chicago, IL 60601
312-641-0300
jkulwin@kmklawllp.com